IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-23-420-D |
| JON JON SCOTT WILSON, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant's Motion for Reduction of Sentence (Amendment 821) and Motion for Appointment of Counsel [Doc. No. 39]. In the motion, Defendant asks for a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the United States Sentencing Guidelines ("Amendment 821").

Upon review of the docket, the Court determines that Defendant has already received the benefits afforded under Amendment 821.

Amendment 821 went into effect on November 1, 2023. According to the amendment, any criminal defendant who has accrued seven or more criminal history points under subsections (a) through (d) of § 4A1.1 and who also committed his or her instant offense while under a criminal justice sentence (including supervised release) receives a one-point increase. Prior to Amendment 821, the same criminal defendant would have received a two-point increase. *See* U.S.S.G. § 4A1.1(d) (2021 Guidelines Manual).

Defendant was sentenced on April 1, 2024 [Doc. No. 36] and received the one-point

increase provided by Amendment 821. *See* [Doc. No. 23], at ¶ 42. Defendant does not now qualify for the retroactive application of a benefit he has already received.

Defendant also asks for appointment of counsel to assist him with this matter. District courts consider "a variety of factors" before using their discretion to appoint counsel. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Factors include "the merits of the litigant's claims, the nature of the factual issues ... the litigant's ability to present his claims, and the complexity of the legal issues raised[.]" *Id.* Although the Court is mindful of the time and energy that Defendant has invested into both this motion and two others filed contemporaneously [Doc. Nos. 40, 41, 43, 46], reviewing these factors, the Court does not find that appointment of counsel is appropriate. *See also United States v. Wade*, 388 U.S. 218, 227-28 (1967) (guaranteeing counsel at all "critical" stages of the criminal proceedings); *United States v. Ash*, 413 U.S. 300, 312-13 (1973) (defining a "critical stage" as one between a defendant and an agent of the state that amounts to a "trial-like confrontation[ ]," at which counsel can "aid in coping with legal problems or [provide] assistance in meeting his adversary[.]").

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction of Sentence (Amendment 821) and Motion for Appointment of Counsel [Doc. No. 39] is **DENIED**.

**IT IS SO ORDERED** this 28th day of May 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge